UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND MICHAEL SIMON, JR., | Case No. 2:21-cv-00746-JAK-JC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THE PETITION AND THIS ACTION SHOULD NOT BE DISMISSED |
| STATE OF CALIFORNIA, et al., | |
| Respondents. | |

On June 19, 2018, in the United States District Court for the Southern District of California ("Southern District"), petitioner filed a Petition for Writ of Habeas Corpus ("Petition") challenging a 2005 judgment in Los Angeles County Superior Court Case No. MA031546 ("State Case").[1] (Petition at 2). Petitioner alleges: (1) his constitutional rights were violated when a judge made a racial slur against him and threatened him during courtroom proceedings (Grounds One and Two); (2) he received negligent and discriminatory treatment during incarceration (Ground Three); and (3) he is entitled to diplomatic immunity (Ground Four). (Petition at 4-

---

[1] While petitioner purports to bring his habeas corpus petition pursuant to 28 U.S.C. § 2241, the pending Petition is properly construed as arising under 28 U.S.C. § 2254. See Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) (Section 2254 "'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" (citation omitted)).

1

8). On January 26, 2021, the Southern District transferred the Petition to this Court. (See Dkt. No. 18). As the Petition appears to be deficient in multiple respects, including those detailed below, petitioner is ordered to show cause why the Petition and this action should not be dismissed.

First, petitioner's challenge in Ground Three to the treatment he received in prison is not cognizable on federal habeas review. It instead challenges his conditions of confinement, does not raise a core habeas claim, and is inappropriately joined with petitioner's other challenges to the 2005 judgment in the State Case. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (A "[42 U.S.C. section] 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus."), cert. denied, 137 S. Ct. 645 (2017); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are proper mechanism for challenging legality or duration of confinement, while civil rights action is proper method to challenge conditions of confinement).[2]

Second, at least Grounds One, Two and Four appear to be time-barred. Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. Wall v. Kholi, 562

---

[2] Although a district court, after notifying and obtaining informed consent from a prisoner, may construe a habeas petition to plead a civil rights claim if the petition is amenable to conversion on its face, see Nettles v. Grounds, 830 F.3d at 935-36, the Court declines to do so here. Prisoner civil rights actions are subject to different requirements than federal habeas proceedings. The filing fee for civil rights actions is at least $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying a $350 filing fee from his prison trust account. 28 U.S.C. § 1915(b)(1). It is not in the interest of judicial economy to convert the Petition into a federal civil rights complaint because the case would, at a minimum, require additional court resources to deal with the problems created by the mixed nature of the claims therein (*i.e.*, claims which may properly lie in habeas and a claim which does not), the different filing fees, and the absence of information called for by the civil rights complaint form utilized in this district (*e.g.,* whether those sued are sued in an individual or official capacity), and the potential service issues relative to individuals whose conduct is alleged to have deprived petitioner of his constitutional rights.

U.S. 545, 550 (2011).  The limitation period runs from the latest of:  (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears petitioner had one year from the date his conviction became final to file a federal habeas petition.  Accepting petitioner's representations that he was sentenced on October 19, 2005, and that he did not appeal his conviction to the California Court of Appeal (see Petition at 2-3),[3] his conviction became final no later than December 19, 2005 – effectively sixty days after sentencing[4] – when the time to appeal the judgment expired.  Lopez v. Felker, 536 F. Supp. 2d 1154, 1156-57 (C.D. Cal. 2008); Evans v. Adams, 423 F. Supp. 2d 1087, 1089-90 (C.D. Cal. 2006); see also former Cal. Rule of Court, Rule 30.1(a)

///
///
///

---

[3] Petitioner alleges he "appealed" by filing actions in the United States District Court for the Southern District of California, but does not suggest he ever filed an appeal in the California Court of Appeal. (Petition at 2-3).

[4] December 18, 2005, the 60th day after petitioner claims he was sentenced, was a Sunday; therefore, December 19, 2005 was the final day for petitioner to timely file a notice of appeal.  Cal. Code of Civ. Proc. § 12a(a); former Cal. Rules of Court, Rule 45(a) (2005); Lopez v. Felker, 536 F. Supp. 2d 1154, 1156-57 & n.3 (C.D. Cal. 2008).  Former Rule 45(a) was renumbered Rule 8.60(a) effective January 1, 2007.

(2005)  (notice of appeal must be filed within 60 days of rendition of a judgment);[5] Cal. Penal Code § 1237(a) (a "sentence" constitutes a "final judgment" for purposes of a defendant's right to appeal).  Therefore, the statute of limitations commenced to run on December 20, 2005, and absent tolling, expired on December 19, 2006 – over eleven years before petitioner filed the pending Petition.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011).  Here, petitioner does not appear to be entitled to statutory tolling because there is no indication he filed any relevant state petitions for collateral review between December 20, 2005, and December 19, 2006.  (See Petition at 2-3).  Moreover, any late-filed habeas petitions cannot revive the expired limitations period for the Petition.  See Milam v. Harrington, 953 F.3d 1128, 1131 n.1 (9th Cir. 2020) ("Milam's state supreme court petition could not give rise to statutory tolling because it was filed after the one-year federal deadline had passed"); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (§ 2244(d) does not permit the reinitiation of a limitations period that ended before a state petition is filed), cert. denied, 540 U.S. 924 (2003).  Accordingly, it does not appear that statutory tolling renders the Petition timely filed.

The limitations period may be subject to equitable tolling if petitioner can demonstrate both that:  (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way.  Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to demonstrate he is entitled to equitable tolling. Milam, 953 F.3d at 1132; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert.

---

[5]Former Rule 30.1(a) was renumbered as Rule 8.308(a) effective January 1, 2007.

Case 2:21-cv-00746-JAK-JC   Document 21   Filed 02/04/21   Page 5 of 7   Page ID #:12

denied, 537 U.S. 1003 (2002). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted); see also Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 756 (2016) (The "second prong of [Holland's] equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." (emphasis omitted)). "'[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). Nothing on the face of the pending Petition suggests petitioner is entitled to equitable tolling.

Furthermore, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Stewart v. Cate, 757 F.3d 929, 937 (9th Cir.), cert. denied, 574 U.S. 900 (2014); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Perkins, 566 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324); Stewart, 757 F.3d at 941. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On

this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 569 U.S. at 387; Schlup, 513 U.S. at 332 (A "court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence casting doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action.

Third, it appears that petitioner's habeas claims are subject to dismissal for lack of exhaustion. A habeas petitioner "must exhaust available state remedies before presenting his claim to a federal habeas court." Davila v. Davis, 137 S. Ct. 2058, 2064 (2017); 28 U.S.C. §§ 2254(b) and (c). "A petitioner satisfies the exhaustion requirement by 'fully and fairly presenting each claim to the highest state court.'" Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011) (citation omitted). Here, however, it appears that petitioner's claims are completely unexhausted as he has not presented them to the California Supreme Court. (See Petition at 2-3).

Petitioner is therefore ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order, why this action should not be dismissed for the above-referenced reasons.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the Petition and this action for the reasons explained above and/or based on petitioner's failure to comply with this Order to Show Cause and/or petitioner's failure to prosecute.

IT IS SO ORDERED.

DATED: February 4, 2021

                                            /s/
                             Honorable Jacqueline Chooljian
                             UNITED STATES MAGISTRATE JUDGE